IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| R. SHERWIN PARUNGAO, M.D., ) <br> ) <br> Plaintiff, ) <br> ) No. 15-cv-4453 <br> v. ) <br> ) Magistrate Judge <br> COMMUNITY HEALTH SYSTEMS, ) Jeffrey T. Gilbert <br> INC. et al, ) <br> ) <br> Defendants, ) | |

## ORDER

Plaintiff's Motion for Protective Order and Supervision of Discovery [70] is denied. See Statement below for further details. The parties shall confer about entry of a confidentiality order in this case using the Northern District's Model Confidentiality Order as a base or guide in an effort to resolve any disagreements without court action. If the parties are unable to reach consensus, they should submit their respective proposed orders to the Court, in accordance with the procedure described on Magistrate Judge Gilbert's website, each with a brief cover memorandum explaining why their respective proposed order should be entered rather than their opponent's order. All parties shall make their Rule 26(a)(1) disclosures by December 7, 2015. Defendant Community Health Systems, Inc.'s Rule 26 disclosures are without prejudice to its pending Rule 26(b)(2) motion. The parties also shall meet and confer in-person and then submit a joint discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on or before December 14, 2015. That plan should address, among the other topics mentioned in Rule 26(f), proposed dates for the service of written discovery, the identities of the people each party believes it will depose and, if possible, dates for those depositions, an expert discovery schedule if any party will be disclosing Rule 26(a)(2) experts, and dates for the close of fact and expert discovery. The parties' submission should note any disagreements with any aspect of the plan and the parties' respective positions in that regard. This matter is set for a further status hearing on December 17, 2015, at 1:30 p.m., for discussion of a discovery plan.

## STATEMENT

This matter is before the Court on Plaintiff's Motion for Protective Order and Supervision of Discovery [ECF No. 70]. Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Rule 26(c) provides that "[t]he court may, for good cause shown, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c). In order for a court to enter a protective order, the

movant must show good cause for the relief requested. *Id.*; *Gregg v. Local 305 IBEW*, 2009 WL 1325103, at *8 (N.D. Ind. May 13, 2009).

The Court finds that Plaintiff has not shown good cause exists to enter his proposed protective order. As a threshold matter, it appears that Plaintiff failed to meet and confer with counsel for Defendants as required by Federal Rule 26. *See* FED. R. CIV. P. 26(c) (A motion for protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."). Plaintiff did not include any certification that his counsel had conferred, or attempted to confer, in good faith with opposing counsel. In response to Plaintiff's Motion, Defendants argue that Plaintiff's Motion is premature and should be denied because Plaintiff made no effort to discuss with them a proposed protective order. This alone justifies denying Plaintiff's Motion outright. The Court declines to deny Plaintiff's Motion on that ground, however, because it would like to address some other issues raised in Plaintiff's Motion and with Plaintiff's proposed protective order. It also is apparent to the Court that no amount of discussion would have prevented Plaintiff from filing this particular motion. In the future, however, the parties are reminded that the Court generally enforces strictly the meet and confer requirement as a predicate for discovery motions.[1]

Plaintiff's proposed protective order improperly requires the Court effectively to construct a super-structure for discovery and order Defendants to respond to discovery outside the processes and mechanisms established by the Federal Rules of Civil Procedure. In other words, it requires the Court to manage discovery in a manner that does not comply with the Federal Rules. The Federal Rules establish procedures, and timelines for parties to obtain discovery from each other. Despite these clear rules, Plaintiffs seeks to circumvent them and, instead, to require Defendants to produce documents through his own special procedures incorporated into his proposed "protective order." This is improper and unnecessary in this case.

Plaintiff argues that his proposed protective order is necessary because some of the discovery Plaintiff seeks in this case will trigger the Illinois Medical Studies Act and the privileges afforded under the Act. That the Illinois Medical Studies Act may apply in this case, however, does not justify or warrant the *sui generis* discovery process proposed by Plaintiff. This Court has supervised discovery in a number of cases in which the Medial Studies Act came into play without the overbearing structure Plaintiff asks the Court to impose. Plaintiff's proposed protective order and discovery plan put the cart before the horse and, among other things, require the Court to propound discovery requests to Defendants, order the issuance of Rule 45 subpoenas, and perform an *in camera* review of documents before Defendants have asserted any privilege, before the parties have met and conferred about any disagreements they

---

[1] Plaintiff argues that when all counsel met with Judge Gettleman in-chambers on September 15, 2015, Plaintiff's counsel mentioned that he intended to file a motion for a protective order and Judge Gettleman directed him to do so "right away." ECF No. 87, Plaintiff's Reply, at 1-2. No transcript exists of that in-chambers meeting. Even if Plaintiff has correctly recounted what happened during that conference, however, this Magistrate Judge seriously doubts that Judge Gettleman meant that Plaintiff's counsel did not have to comply with the Local Rules that mandate the parties meet and confer before filing discovery-related motions.

2

may have, and before any motion to compel or motion for a protective order is filed. There is no reason for discovery to proceed in this fashion.

Discovery in this case should proceed consistent with the Federal Rule of Civil Procedure. The Court understands that Plaintiff feels this is a special case and that special procedures are merited because some information that could be produced by one or another party might be protected from disclosure under the Illinois Medical Studies Act. As far as the Court can tell at this juncture, however, this case is no more special than other cases on the Court's docket. The parties should serve their respective written discovery requests in accordance with the Federal Rules. The responding parties then should respond to the written discovery asserting any objections and/or privileges and then start the process of producing any responsive non-privileged documents. If some of those documents or information merit treatment as confidential under an appropriately tailored confidentiality order, then they will be treated as such. The parties and counsel are reminded that amendments to the Federal Rules of Civil Procedure that take effect on December 1, 2015, will be applicable to their discovery requests and responses thereto.[2]

If Plaintiff seeks information and/or documents that are protected by the Illinois Medical Studies Act, then Defendants will respond appropriately. For any responsive documents that Defendants contend are protected by any privilege, Defendants will have to assert the privilege and prepare a privilege log sufficiently identifying the documents, explaining why the document(s) are covered by any privilege and should be shielded from production. If Plaintiff wants to challenge any privilege asserted, then the parties must meet and confer in an attempt to resolve their disputes. *See* Northern District of Illinois Local Rule 37.2. If the parties disagree and are unable to resolve matters themselves, then one party or the other will file an appropriate motion that will bring the issue to the Court for resolution in an appropriate factual and legal context.

Finally, Plaintiff's proposed protective order is drastically different than the Northern District's Model Confidentiality Order, and Plaintiff has not persuaded this Court that a protective or confidentiality order that is so different that the Northern District's Model Confidentiality Order is required in this case. Defendants have submitted a proposed protective order that is substantially similar to the Northern District's Model Confidentiality Order. It is this Court's practice to use the Northern District's Model Confidentiality Order with modifications tailored to a specific case. *See* Magistrate Judge Gilbert's Case Management Procedure for Entry of a Protective Order, www.ilnd.uscourts.gov/Judges/Magistrate Judge Gilbert. The Model Confidentiality Order should be the starting point from which the parties should negotiate and discuss what material shall be designated confidential or highly confidential and entitled to greater protection.

---

[2] Defendants also argue that Plaintiff's Motion is premature because Defendant CHSPSC intends to file a motion to dismiss based on the *res judicata* doctrine. Defendant CHSPSC filed its motion to dismiss on November 13, 2015 [ECF No. 201], after briefing closed on Plaintiff's Motion for Protective Order and Supervision of Discovery [ECF No. 70]. Certain Defendants argued in response to Plaintiff's Motion that merits discovery should not proceed before Judge Gettleman rules on the now-pending motion to dismiss. No motion to stay discovery has been filed, however, and the Court will not address whether discovery should be stayed when that issue has not been fully addressed and aired by the parties in the context of the adversary process.

The parties shall meet and confer about an appropriate confidentiality order and try to resolve their dispute without further court action. The parties should use the Model Confidentiality Order as a base or guide. If the parties are unable to reach consensus, they should submit their respective proposed orders to the Court, in accordance with the procedure described on Magistrate Judge Gilbert's website, each with a brief cover memorandum explaining why their respective proposed order should be entered rather than their opponent's order. When submitting a proposed protective order, the parties are directed to comply with Judge Gilbert's Case Management Procedures which require that, to the extent any proposed protective order differs from the Court's Model Confidentiality Order, the parties shall submit an original and red-lined version to Magistrate Judge Gilbert's Proposed Order electronic filing email so that the Court can identify easily any modifications to the Model Confidentiality Order.

For all of the reasons set forth herein, Plaintiff's Motion for Protective Order and Supervision of Discovery [70] is denied. The Court looks forward to receiving the parties' Rule 26(f) discovery plan.

It is so ordered.

_____
Magistrate Judge Jeffrey T. Gilbert

Dated: November 16, 2015